UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WILLIAM P. McCOMISH,

                           Plaintiff,

          -against-

AL ZGOLINSKI, SEAN CONWAY, ANDREA CONNOR,
THE VILLAGE OF COLD SPRING, NEW YORK;
THE BOARD OF TRUSTEES OF THE VILLAGE OF COLD
SPRING, NEW YORK, THE ARCHITECTURAL AND
HISTORIC DISTRICT REVIEW BOARD OF THE VILLAGE
OF COLD SPRING, NEW YORK, and JOHN DOES AND JANE
DOES 1-15,
                           Defendants.
-------------------------------------------------------------------------X

**ANSWER**

Case No.: 7:21-cv-00491-CS

      Defendant(s), AL ZGOLINSKI, SEAN CONWAY, ANDREA CONNOR, by their attorneys, CATANIA, MAHON, & RIDER, PLLC, answering the complaint of the plaintiff(s) allege(s) as follows:

### AS TO SUMMARY AND NATURE OF ACTION

FIRST:   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "1", "2", "3", "4", "5", and "6".

SECOND: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "7" and respectfully refers all questions of law concerning the legal interpretation to the trial court.

THIRD:  Denies each and every allegation contained in the paragraph(s) of the complaint numbered "8", "9", "10", "11", and "12".

### AS TO JURISDICTION AND VENUE

1

FOURTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "13", "14" and "15", and respectfully refers all questions of law concerning the legal interpretation to the trial court.

## AS TO PARTIES

FIFTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "16", "17", and "22".

SIXTH: Admits each and every allegation contained in the paragraph of the complaint numbered "18", "19", "20", and "21".

## AS TO STATEMENT OF FACTS

SEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "23", "24", "25", "26", "27", "30", "31", "35", "36", and "37".

EIGHTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "28", except admits that prior to November 4, 2020, Plaintiff submitted an application for a Building Permit and the Building Permit application speaks for itself.

NINTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "29" except admits that a Building Permit was issued on November 4, 2020, and the document speaks for itself.

TENTH:   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "32" except admits that a Revocation of Building Permit was issued and the document speaks for itself.

ELEVENTH:   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "33" except admits that an Official Village Memorandum was issued and the document speaks for itself.

TWELFTH:   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "34", and the document speaks for itself.

THIRTEENTH:   Denies each and every allegation contained in the paragraph(s) of the complaint numbered "38", "39", "40" and "41".

### AS TO THE JANUARY 13, 2021 DEFENDANT ARCHITECTURAL REVIEW BOARD MEETING REGARDING PLAINTIFF

#### A. THE ARCHITECTURAL REVIEW BOARD JURISDICTION

FOURTEENTH: Admits each and every allegation contained in the paragraph of the complaint numbered "42".

FIFTEENTH:   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "43".

SIXTEENTH:   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "44",

3

"45", "49", "51", "52", "53", and "54", and respectfully refers all questions of law concerning the legal interpretation to the trial court.

SEVENTEENTH: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "46", "47", "48" and "50", and respectfully refers all questions of law concerning the legal interpretation to the trial court.

EIGHTEENTH: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "55".

### B. THE ARCHITECTURAL REVIEW BOARD ACTS BEYOND ITS LAWFUL JURISDICTION AND UPON A LOCAL LAW THE VILLAGE OFFICER CHARGED WITH INTERPRETING THE CODE ADMITS IS "VAGUE"

NINETEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "56" and respectfully refers all questions of law concerning the legal interpretation to the trial court.

TWENTIETH: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "57", "60" and "64".

TWENTY-FIRST: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "58", "59", "61", "62", and "63".

### C. THE DEFENDANT ARCHITECTURAL REVIEW BOARD ACTIONS

TWENTY-SECOND: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph(s) of the complaint numbered "65", "66", "71", "75", and "76".

TWENTY-THIRD: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "67", "68", "69", and "70", and respectfully refers all questions of law concerning the legal interpretation to the trial court.

TWENTY-FOURTH: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "72", "73", "74", "77", "78", "79", and "80".

## AS TO THE CLAIMS FOR RELIEF
## AS TO A FIRST CLAIM FOR RELIEF

TWENTY-FIFTH: Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "80", inclusive, as realleged in paragraph "81", with the same force and effect as though more fully set forth at length herein.

TWENTY-SIXTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "82" and "83" and respectfully refers all questions of law concerning the legal interpretation to the trial court.

TWENTY-SEVENTH: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "84", "85", "86", "87", "88", "89", and "90".

## AS TO THE SECOND CLAIM FOR RELIEF

TWENTY-EIGHTH: Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "90", inclusive, as realleged in paragraph "91", with the same force and effect as though more fully set forth at length herein.

TWENTY-NINTH: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "92", "93", "94", "95", "96", "97" and "98".

## AS TO THE THIRD CLAIM FOR RELIEF

THIRTIETH:    Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "98", inclusive, as realleged in paragraph "99", with the same force and effect as though more fully set forth at length herein.

THIRTY-FIRST: Denies each and every allegation contained in the paragraph(s) of the complaint numbered "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", and "110".

## AS TO THE FOURTH CLAIM FOR RELIEF

THIRTY-SECOND:    Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "110", inclusive, as realleged in paragraph "111", with the same force and effect as though more fully set forth at length herein.

THIRTY-THIRD: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "112" and respectfully refers all questions of law concerning the legal interpretation to the trial court.

THIRTY-FOURTH:    Denies each and every allegation contained in the paragraph(s) of the complaint numbered "113", "114" and "115".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-FIFTH:   Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-SIXTH:   Plaintiff's complaint, in whole or in part, is barred by plaintiff's failure to exhaust his administrative remedies and/or his failure to pursue statutory or exclusive remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Plaintiff's complaint should be dismissed for the reason that defendants exercised reasonable care to prevent the constitutional violations alleged in the complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiff's complaint should be dismissed for the reason plaintiff has failed to mitigate his damages, or alternatively, has mitigated his damages and is not entitled to the relief sought.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTIETH: Any damages claimed by plaintiff are capped by applicable federal statutes.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-FIRST: Defendants' actions did not violate clearly established law and/or it was objectively reasonable for defendants to believe that their actions did not violate clearly established law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-SECOND: Plaintiff has failed to allege or properly invoke a claim for redress under 42 U.S.C. §§ 1981, 1982, 1983 and 1988.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-THIRD: Plaintiff failed to serve a Notice of Claim as required of New York General Municipal Law §50 et seq.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: Plaintiff failed to comply with the requirements under New York General Municipal Law §50 et seq. as a condition precedent to commencing an action against these answering defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: Plaintiff's actions are barred by his own fault and misconduct and if plaintiff suffered any damages, such damages were caused in whole or in part by the acts of plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: Plaintiff's complaint, to the extent it seeks exemplary or punitive damages, violates the answering defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates the answering defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New York, violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH: Plaintiff's claims are barred as to the answering defendants in that plaintiff has failed to identify an official policy, custom or practice which has been adopted by the answering defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-NINTH: The answering defendants at all times acted reasonably, in good faith, for justified, legitimate reasons and without malice.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FIFTIETH: The Complaint should be dismissed against the individual board members because their actions, as municipal officials, are protected under the doctrine of qualified immunity.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST: Defendants had discretionary authority to approve or deny plaintiff's applications for permits or approvals sought from defendants.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

FIFTY-SECOND: Plaintiff had no entitlement to the issuance of any permit or approval sought from defendants.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD: The actions taken by defendants, or some of them, are immunized by the Doctrine of Qualified Immunity.

WHEREFORE, defendant(s), AL ZGOLINSKI, SEAN CONWAY, ANDREA CONNOR, demand(s) judgment:

1. dismissing the complaint;
2. apportioning liability between plaintiff(s) and this answering party; and
3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: Newburgh, New York
      April 19, 2021

                              Yours, etc.,

                              CATANIA, MAHON & RIDER, PLLC

                  By:        _____
                              JOHN W. FURST, ESQ. [JF 0380]
                              *Attorneys for Defendants*
                              *AL ZGOLINSKI, SEAN CONWAY,*
                              *ANDREA CONNOR*
                              641 Broadway - P.O. Box 1479
                              Newburgh, New York 12550
                              Tel. No.: (845) 565-1100

TO:    BLANCHARD & WILSON
         Dennis E. A. Lynch, Esq. – Of Counsel
         *Attorneys for Plaintiff*
         235 Main Street, Suite 330
         White Plains, New York 10601
         Tel. No.: (845) 729-5744