UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM P. McCOMISH,

                             Plaintiff,

        -against-

AL ZGOLINSKI, SEAN CONWAY, ANDREA CONNOR,
THE VILLAGE OF COLD SPRING, NEW YORK;
THE BOARD OF TRUSTEES OF THE VILLAGE
OF COLD SPRING, NEW YORK, THE
ARCHITECTURAL AND HISTORIC DISTRICT
REVIEW BOARD OF THE VILLAGE OF COLD
SPRING, NEW YORK and "JOHN DOES
AND JANE DOES 1-15",

                           Defendants.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**
**Docket No. 7: 21-cv-00491   (CS)**

      **WHEREAS,** Plaintiff William McComish (hereinafter "Plaintiff") filed a Complaint in this Federal District Court alleging, *inter alia,* civil rights violations and other claims in which it was alleged that the Defendants Village of Cold Spring ('Municipal Defendant") and Individual Defendants above-named (jointly the "Individual Defendants") (both the Municipal Defendant and the Individual Defendants are collectively referred to as the "Village") violated *inter alia* Plaintiff's constitutional rights to property and equal enforcement of the Zoning Code; and

      **WHEREAS,** the Village denied all the allegations in the Complaint; and,

      **WHEREAS,** the parties are interested in resolving any and all claims asserted in this action in order to avoid the uncertainty and expense of further litigation, including but not limited to discovery and trial of the claims; and

      **WHEREAS,** the parties and their counsel have negotiated in good faith for the purpose of coming to a mutually agreeable settlement of this action with dismissal of this action; and

WHEREAS, none of the parties to the above-captioned action is presently an infant or incompetent person; and

WHEREAS, the parties in the above-captioned action wish to settle this action on the terms set forth herein with neither party admitting liability or culpability with respect to the claims asserted therein.

IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel that this action is settled on the following terms:

1.    The Defendant Village agrees to rescind any revocation of a certain Building Permit issued to the Plaintiff on or about November 4, 2020, No. 2020-10-003 (the "Building Permit") with regard to the premises known as 29-31 Rock Street, Cold Spring, New York 10516 being also known as Tax Map. No. 48.12-1-20 (the "Property") and to forthwith reinstate said Building Permit so it shall be in full force and effect for a period of two (2) years from the date of this Stipulation of Settlement ("Stipulation").

2.    The Defendant Village agrees that any and all construction pursuant to said Building Permit, or any other alterations, changes or removal of or to a "Natural Resource" on the Plaintiff's Property, as "Natural Resource" is currently defined or regulated in Village Code Chapter 64, shall not be subject to the provisions of Chapter 64, including but not limited to application of Sections 64-1(A);  64-2; 64-5a; 64-6 or any other provisions of Chapter 64 that requires any review or approval by the Defendant Architectural and Historic Review Board of the Village of Cold Spring, New York  (the "Historic Review Board").

3.    The Village also agrees that the Decision and Determination of the Historic Review Board dated January 13, 2021 in connection with the work associated with the Building Permit shall be considered null and void and have no force or effect on the Plaintiff or the Property.

4.    The Plaintiff will work in good faith with the Village Building Inspector to accomplish the foregoing construction goals which shall be achieved to the reasonable satisfaction of the Village Building Inspector:

A.  Control drainage during and after construction. This includes silt fences or hay bales, where applicable, in consultation with the Building Inspector and the installation of landscaping (approximately 2-3 shrubs/bushes on the left side and 4-6 bushes on the right side of the driveway) as well as Belgian blocks at the base of the driveway, all in consultation with the Building Inspector;

B.  Provide a method of screening potential debris when drilling the rocks (to the reasonable satisfaction of the Building Inspector) and the contractor's insurance;

C.  Compliance with the Village's noise ordinance during construction and that any rock drilling take place between the hours of 9-5 Monday-Saturday (none on Sunday). If any blasting is to occur, notify the building Inspector ahead of time; and

D.  Work is to be conducted pursuant to a site plan previously submitted by Plaintiff and is attached hereto as Exhibit "A".

5.    The Village agrees to sell to the Plaintiff immediately after the execution of this Stipulation any of the Village's interests that the Village lawfully has in the existing parking area and driveway area located by Rock Street. The price is $4.00 per sq. ft. and the area to be purchased must be surveyed by the Plaintiff and presented to the Village with a Quitclaim Deed, containing a metes and bounds description of the areas to be conveyed. The Village shall also sell to the Plaintiff any interest it may have in additional property located along Plaintiff's property line that includes the retaining wall and steps utilized by Plaintiff upon the same terms and conditions.

6.    Upon the execution of this Stipulation and presentation to this Court to be So Ordered, the parties shall also execute the attached Stipulation of Voluntary Discontinuance that shall provide for the dismissal of this action with prejudice as well as on the merits and without either party seeking or obtaining any attorney fees, costs or disbursements by one party against the other party pursuant to F.R.C.P. 41(a)(1)(a)(ii). A copy of the Stipulation of Voluntary Discontinuance is attached as Exhibit "B".

7.     Once the Building Permit is reinstated and the subject land is conveyed, as outlined in paragraph 4 above, the Stipulation of Voluntary Discontinuance shall be filed with the Court.

8.   This Settlement Agreement contains the sole and the entire agreement between Plaintiff and the Village and fully supersedes any and all prior or contemporaneous agreements and understandings pertaining to the subject matter hereof.

9.     Plaintiff represents and acknowledges, in executing this Settlement Agreement that he is competent to enter into this agreement and stipulation freely and that he has been represented by Counsel of his own choice throughout the negotiations and execution of this Settlement Agreement. Plaintiff confirms that in executing this Settlement Agreement, he has not relied upon any representation or statement not set forth herein that may have been made by the Village or its Counsel or representatives with regard to the subject matter of this Settlement Agreement. No other promises or agreements shall be binding unless in writing, signed by all the parties, and expressly stated to be a modification of this Settlement Agreement.

10.     The Village represents and acknowledges, in executing this Settlement Agreement that all its representatives are competent to enter into this agreement and stipulation freely and that he has been represented by Counsel of its own choice throughout the negotiations and execution of this Settlement Agreement. The Village confirms that in executing this Settlement Agreement, it has not relied upon any representation or statement not set forth herein that may have been made by the Plaintiff or his Counsel or representatives with regard to the subject matter of this Settlement Agreement. No other promises or agreements shall be binding unless in writing, signed by all the parties, and expressly stated to be a modification of this Settlement Agreement.

11.     This Settlement Agreement shall not be construed as an admission of any fault or liability by the Village for any of the acts or omissions alleged by Plaintiff in the Federal action,

or for any acts or omissions which could have been alleged regarding the Federal Action. The Village and all Individual Defendants deny any liability whatsoever, and specifically deny any wrongful conduct with regard to Plaintiff, for any damages, injuries or other claims by Plaintiff.

12.     Should any provision of this Stipulation be declared to or be determined by any court or tribunal to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, terms or provision shall be severed and deemed not to be a part of this Stipulation.

13.     The parties further agree that this Stipulation may be executed in counterparts and that each such document shall have the same force and effect as an original.

Dated: ___7/15/21___ , 2021.

_____
WILLIAM P. McCOMISH
Plaintiff

BLANCHARD & WILSON

By: _____
Dennis E. A. Lynch, Esq.
Attorney for the Plaintiff
235 Main Street, Suite 330
White Plains, New York 10601
845-729-5744

VILLAGE OF COLD SPRING,
NEW YORK and for all other Defendants

By: _____
NAME: David Merandy
TITLE: Mayor

CATANIA, MAHON & RIDER, PLLC

By: _____
John W. Furst
Attorneys for the Defendants
641 Broadway
Newburgh, New York 12550
845-565-1100

SO ORDERED:

_Cathy Seibel 7/16/21_
Hon. Cathy Seibel, U.S.D.J

# EXHIBIT A



PROPOSED DRIVEWAY at 29 ROCK STREET

# EXHIBIT B

08977-66319                                                    Doc#1956639

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM P. McCOMISH,

                              Plaintiff,

      -against-

AL ZGOLINSKI, SEAN CONWAY, ANDREA CONNOR,
THE VILLAGE OF COLD SPRING, NEW YORK;
THE BOARD OF TRUSTEES OF THE VILLAGE
OF COLD SPRING, NEW YORK, THE
ARCHITECTURAL AND HISTORIC DISTRICT
REVIEW BOARD OF THE VILLAGE OF COLD
SPRING, NEW YORK and "JOHN DOES
AND JANE DOES 1-15",

                            Defendants.
------------------------------------------------------------------X

**STIPULATION OF VOLUNTARY
DISCONTINUANCE WITH
PREJUDICE**

**Index No. 7: 21-cv-00491 (CS)**

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all parties to the above-entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued with prejudice, without costs to either party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: July ____, 2021

BLANCHARD & WILSON

By: _____
DENNIS E. A. LYNCH, ESQ.
Attorney for Plaintiff
235 Main Street, Suite 330
White Plains, New York 10601
Tel. No. (845) 729-5744

Dated: July ____, 2021

CATANIA, MAHON & RIDER, PLLC

By: _____
JOHN W. FURST, ESQ.
Attorney for Defendants
641 Broadway
Newburgh, New York 12550
Tel. No. (845) 565-1100